UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNE ARMSTRONG, DELBERT ARMSTRONG, A2D ENTERPRISES, LLC, BEVERLY BARCUS, KENT BARCUS, BEVERLYRUTH, LLC, DOLORES COONEY (FORMERLY DOLORES BEIDEL), CHRISTINA BEIDEL, WOMEN'S FITNESS OF WAUSAU, INC., GAIL BERQUIST, GB FITNESS, LLC, CARLA BIRCH, GARRISON PAYNE, RACHEAL BLACKMORE, ONE CANDLE, LLC, JACQUELINE BLANTON, PHYLLIS DUHE, KERRIE CHATELAIN, HI HEELS, LLC, DARLENE (JACKIE) CLARY, DAR JAC, LLC, TERESA COLLIER, CLESTA COLLINS, ROGER COLLINS, ZACHARY COLLINS, TIFFANY COLLINS, DENISE COOKE, ALAN COOKE, BE STRONG, LLC, NATALIE COOPER-BERTHE, BODY DESIGN, INC., BODY DESIGN DC1, INC., BODY DESIGN 2, INC., LEE LYNN LIFESTYLES, LLC, CAROL COY, JO LYNN NELSON, AMY DRAPER, AB DRAPER, LLC, DENISE EDMISTON, MEGAN EDWARDS, SAINTFIELD, LLC, SUSAN ESPY, GLENN ESPY, GYPSE, LLC,EXECUTIVE ACCOUNTING & TAX SERVICE, LTD., MAUREEN FLANIGAN KORZINSKI, SUSAN FOGG, RIVAH FIT CORPORATION, K&M FITNESS, LLC, MATTHEW FORD, KRISTEN STODDARD, DIVA DEB, INC., DEBRA FREEDLAND, CATHY FROST, FROST ENTERPRISES, INC., JAMES GASSON, JR., ANN GUZDIAL, JOHN MCINTOSH, DEEDRA HASELHUHN, DAVID HASELHUHN, SURFSIDE FITNESS, LLC, JOHN HEPPE, KATHLEEN TOMANN-HEPPE, DAWN HOLLENBECK, JONATHAN HOLLENBECK, GILPIN AVENUE FITNESS, INC., JULIANNE DUGAN, LAURA JOHNSON, BONNILEE JONES, SPRING KAMP, SPRING KAMP, LLC, RUTH KIEFFER, B'KLYN HOT | Case No.<br><br>JURY TRIAL DEMANDED |

1

FITNESS, INC., STACEY KOPITA, )
KATHLEEN LOEFFLER, JACLYNN )
LOEFFLER, J&K HEALTH, LLC, JOHN )
MATUSIN, JUDITH MCCRARY, )
BEVERLY MCDONALD, SEO GROUP, )
LLC, SUSAN O'DONNELL, ANA OGLE, )
TRICIA PETRINOVICH, STEPHEN )
PETRINOVICH, CATHERINE PIERATT, )
FITNESS QUEENS, LLC, STEVEN PRICE, )
HELEN PRICE, SH PRICE, INC., KEEPING )
YOU FIT, INC., SHELLENE RAGAN, )
DEBORAH ROBERTS, FAW-ROSE )
FITNESS, LLC, GRADYNE ROSE, DAILY )
KAIZEN CORP, CHRISTINE SALOMON, )
KIM SAMPSON, KSG, LLC, JOY )
SAMSON, JACQUELINE TELLES, JTS )
ENTERPRISES, LLC, TRACY SINCLAIR, )
JEROME SINCLAIR, SCOTT SINGLETON, )
LISA SINGLETON, DEBORAH SPALVINS, )
STACY VANO, RITA VISKUP, JOHN )
VISKUP, AND MICHELLE WICKS, )
)
    Plaintiffs, )
)
)
vs. )
)
)
CURVES INTERNATIONAL, INC., CURVES )
INTERNATIONAL HOLDINGS, INC., and )
HOWARD GARY HEAVIN, )
)
    Defendants. )

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that Defendant Curves International, Inc. ("Curves") respectfully seeks removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, Eastern Division, on the following grounds:

    1.    Curves has been named as a defendant in the civil action filed on or about June 1, 2015, in the Circuit Court of the County of St. Louis, State of Missouri, entitled

*Anne Armstrong, Delbert Armstrong, A2d Enterprises, LLC, Beverly Barcus, Kent Barcus, Beverlyruth, LLC, Dolores Cooney (Formerly Dolores Beidel), Christina Beidel, Women's Fitness Of Wausau, Inc., Gail Berquist, GB Fitness, LLC, Carla Birch, Garrison Payne, Racheal Blackmore, One Candle, LLC, Jacqueline Blanton, Phyllis Duhe, Kerrie Chatelain, Hi Heels, LLC, Darlene (Jackie) Clary, Dar Jac, LLC, Teresa Collier, Clesta Collins, Roger Collins, Zachary Collins, Tiffany Collins, Denise Cooke, Alan Cooke, Be Strong, LLC, Natalie Cooper-Berthe, Body Design, Inc., Body Design DC1, Inc., Body Design 2, Inc., Lee Lynn Lifestyles, LLC, Carol Coy, Jo Lynn Nelson, Amy Draper, AB Draper, LLC, Denise Edmiston, Megan Edwards, Saintfield, LLC, Susan Espy, Glenn Espy, Gypse, LLC, Executive Accounting & Tax Service, Ltd., Maureen Flanigan Korzinski, Susan Fogg, Rivah Fit Corporation, K&M Fitness, LLC, Matthew Ford, Kristen Stoddard, Diva Deb, Inc., Debra Freedland, Cathy Frost, Frost Enterprises, Inc., James Gasson, Jr., Ann Guzdial, John Mcintosh, Deedra Haselhuhn, David Haselhuhn, Surfside Fitness, LLC, John Heppe, Kathleen Tomann-Heppe, Dawn Hollenbeck, Jonathan Hollenbeck, Gilpin Avenue Fitness, Inc., Julianne Dugan, Laura Johnson, Bonnilee Jones, Spring Kamp, Spring Kamp, LLC, Ruth Kieffer, B'klyn Hot Fitness, Inc., Stacey Kopita, Kathleen Loeffler, Jaclynn Loeffler, J&K Health, LLC, John Matusin, Judith Mccrary, Beverly Mcdonald, Seo Group, LLC, Susan O'Donnell, Ana Ogle, Tricia Petrinovich, Stephen Petrinovich, Catherine Pieratt, Fitness Queens, LLC, Steven Price, Helen Price, SH Price, Inc., Keeping You Fit, Inc., Shellene Ragan, Deborah Roberts, Faw-Rose Fitness, LLC, Gradyne Rose, Daily Kaizen Corp, Christine Salomon, Kim Sampson, KSG, LLC, Joy Samson, Jacqueline Telles, JTS Enterprises, LLC, Tracy Sinclair, Jerome Sinclair, Scott Singleton, Lisa Singleton, Deborah Spalvins, Stacy Vano, Rita Viskup, John Viskup, And Michelle Wicks, Plaintiffs v. Curves*

*International, Inc., Curves International Holdings, Inc., and Howard Gary Heavin, Defendants,* Case No. 15SL-CC01852.

2.      Pursuant to Local Rule 2.03(4), a copy of the complete file from the state court is attached hereto as Exhibit A.

3.      <u>Jurisdiction over Mass Actions</u>.  As defined in 28 U.S.C. § 1332(d)(11)(B)(i), this is a civil "mass action" in that the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."

4.      This Court has jurisdiction over mass actions and class actions under the provisions of 28 U.S.C. § 1332(d)(2) (providing federal diversity jurisdiction over "a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant…").

5.      <u>Removal of Mass Actions</u>.  Under 28 U.S.C. § 1332(d)(11)(A), "a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs."

6.      In addition to the above-quoted express provision of section 1332(d)(11)(A), a separate provision of 28 U.S.C. § 1453(b) states that "A class action may be removed to a district court of the United States in accordance with section 1446…").  The referenced Section 1446 of Title 28 of the United States Code contains the provisions that set forth the procedure for removal.  *See also* 28 U.S.C. § 1441(a) (actions removable "Generally" include those in which "the district courts of the United States have original jurisdiction.").

4

7. <u>Diversity of Citizenship</u>. Pursuant to 28 U.S.C. § 1332(d)(2)(A), federal courts have diversity jurisdiction over class actions—or mass actions—in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

8. At the time of the commencement of the instant action, defendant Curves was and presently is a resident and citizen of the State of Texas.

9. There are 111 plaintiffs in this action. The first named plaintiff, Anne Armstrong, and nearly all of the other plaintiffs, are alleged to be residents and citizens of states other than Texas.

10. <u>Amount in Controversy</u>. Pursuant to 28 U.S.C. § 1332(d)(2), federal courts have diversity jurisdiction over class actions—and mass actions, according to the above-quoted section 1332(d)(11)(A)—"in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." The standard applied in the Eighth Circuit is "not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

11. In this case, as calculated below, a court might legally conclude that the aggregate damages and other relief, and thus the amount in controversy, exceeds the sum of Five Million Dollars ($5,000,000).

12. A court also might legally conclude that each of the plaintiffs individually will receive damages greater than Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Specifically, each plaintiff seeks damages under three separate counts:

("In excess of") $25,000 - Breach of Contract

("In excess of") $25,000 - Texas Business Opportunities Act

5

("In excess of") $25,000 - Texas Deceptive Trade Practices-Consumer Protection Act

In addition, for the latter two counts, each plaintiff seeks "three times the amount of damages for mental anguish and economic damages, along with reasonable and necessary attorneys' fees and Court costs." All told, it appears each plaintiff is claiming substantially more than $75,000.

13.     <u>Timeliness of Removal</u>.  This Notice of Removal is being filed with the Court within 30 days after receipt by Defendant of the initial pleadings on June 1, 2015, and is therefore timely under 28 U.S.C. § 1446(b).

14.     <u>Consent</u>.  No defendants have been served with a copy of the Petition. Accordingly, the co-defendants of removing defendant Curves are not required to consent. *See Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005).  Nonetheless, through the undersigned counsel for the defendants, all do consent to removal.

15.     <u>Notices and Other Requirements</u>.  Pursuant to 28 U.S.C. 1446(d), Curves is mailing today a Notice to Plaintiffs, stating that this Notice of Removal was filed, and serving a copy of this Notice of Removal upon the plaintiffs.  A copy of said Notice to Plaintiffs will be electronically filed today.

16.     A Civil Cover Sheet and Original Filing Form are filed with this Notice.

17.     Defendants will file appropriate Disclosure of Corporate Interests forms.

18.     Pursuant to Local Rule 2.03, Curves will file proof with this Court that the Notice of Removal to the Clerk of the Circuit Court of the County of St. Louis, State of Missouri, was filed.

19. <u>Appropriateness of Removal Court</u>.  Because the Circuit Court for the County of St. Louis lies within this division in this district, this Court is the appropriate venue for removal.  28 U.S.C. §§ 1441(a) and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendant Curves moves the above-described action pending in the Circuit Court for the County of St. Louis, State of Missouri, to this Court, and requests this Court to assume jurisdiction over the matter as provided by law and permit this action to proceed before it as a matter properly removed thereto.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: June 25, 2015

By: /s/ Duane L. Coleman
Duane L. Coleman, #35898
R. Taylor Matthews, III, #60936
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600
(314) 241-6056 (facsimile)
dcoleman@lewisrice.com
tmatthews@ lewisrice.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of June 2015, I served the foregoing Notice of Removal by mailing it First Class U.S. Mail, postage pre-paid to, the following:

Jonathan E. Fortman
250 Saint Catherine Street
Florissant, Missouri 63031
jef@fortmanlaw.com

/s/ Duane L. Coleman